**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN FRANK BONNEAU, <br><br> Petitioner-Appellant, <br><br> v. <br><br> JOSIAS SALAZAR, Warden, <br><br> Respondent-Appellee. | No.   18-35705 <br><br> D.C. No. 3:18-cv-00810-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted February 20, 2019[**]

Before:  FARRIS, TROTT, and TALLMAN, Circuit Judges.

Federal prisoner Ryan Frank Bonneau appeals from the district court's August 9, 2018 denial of his motion for a preliminary injunction in his pending petition for writ of habeas corpus under 28 U.S.C. § 2241.  We have jurisdiction under 28 U.S.C. § 1292(a)(1).  We review for an abuse of discretion.  *Am. Hotel &*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Lodging Ass'n v. City of Los Angeles*, 834 F.3d 958, 962 (9th Cir. 2016). We affirm.

Because Bonneau failed to establish that such relief is warranted, the district court correctly exercised its discretion by denying Bonneau's motion for a preliminary injunction directing the Bureau of Prisons ("BOP") to release him to home confinement. *See Jackson v. City & County of San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014) (plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest). The district court properly denied preliminary injunctive relief in Bonneau's pending 28 U.S.C. § 2241 petition because he did not show a likelihood of success on the merits. 18 U.S.C. § 3624(c)(2) barred the BOP from placing him in home confinement for more than six months or 10 percent of the underlying sentence, whichever is less. Accordingly, Bonneau's argument that the BOP "defied a direct order by the Judicial Branch" is immaterial. Notwithstanding the district court's intention to split his sentence as the judge indicated, federal law forbids the BOP from placing Bonneau in home confinement for more than 2.4 months.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3